UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, INC.,

                        Plaintiff,

    -against-

HEALTH INSURANCE PLAN OF GREATER NEW
YORK, HIP HEALTH PLAN OF NEW YORK, HIP
INSURANCE COMPANY OF NEW YORK, COGENT
HEALTHCARE, INC., COGENT HEALTHCARE IPA
OF NEW YORK, INC., CENTRAL BROOKLYN
MEDICAL GROUP, P.C., HERITAGE NEW YORK IPA,
INC., D/B/A HEALTHCARE PARTNERS IPA AND
MANAGEMENT SERVICES ORGANIZATION AND
"JOHN DOES" 1-20

                        Defendants.

**ORDER**
07-CV-1471(RRM)(LB)

------------------------------------------------------------------------ X
**BLOOM, United States Magistrate Judge:**

      Defendants Cogent Healthcare, Inc. and Cogent Healthcare IPA of New York, Inc. (collectively "Cogent") have moved (doc. nos. 91, Cogent's June 6, 2008 Letter Motion ("Motion") and 94, Cogent's June 13, 2008 Letter Reply ("Reply")) to confirm certain of Cogent's confidentiality designations regarding specific documents (the "Contested Documents") pursuant to Paragraph 19 of the Qualified HIPAA Protective Order Governing Confidentiality (doc. no. 60), signed by all parties and "so ordered" by this court on December 6, 2008 ("Prot. Order").[1] Plaintiff Brookdale University Hospital & Medical Center, Inc. ("Brookdale") opposes the confidentiality designations (doc. nos. 92, Brookdale's June 11, 2008

---

[1] The stipulated Protective Order governs any document or other discovery material produced by any party or non-party during the litigation, trial or any hearing, or submitted to the court in this action. (Prot. Order at ¶ 1.)

Opposition ("Opposition").) For the reasons set forth below, the court confirms Cogent's confidentiality designations.

Cogent seeks to confirm the confidentiality designations for two categories of documents explicitly protected under the Protective Order: "Protected Health Information" ("PHI") and "Cogent's Confidential Business Information." The Protective Order provides in relevant part:

> 2. . . . any Discovery Material <u>containing</u> or <u>constituting</u> [PHI], as . . . defined in 45 C.F.R. § 164.501,[2] . . . <u>shall</u> be designated "Confidential" by the producing party . . . .
>
> 3. Plaintiff and Defendants <u>may</u> designate any Discovery Material . . . as "Confidential" if such material:
>
> (a) is or contains non-public trade secrets or other proprietary or sensitive <u>business</u> or personal information (including but not limited to any analysis or information concerning the businesses of Defendants or Plaintiff), financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data, customer or vendor data, contracts and agreements with third parties, or technological data; or
>
> (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7)[3] . . . .

(Prot. Order at ¶¶ 2-3) (emphasis added.)

Pursuant to Federal Rule of Civil Procedure 26(c), a protective order may only be entered by the court upon a showing of "good cause." *Kamyr, AB v. Kaymr, Inc.*, No. 91-cv-0453, 1992 WL 317529, at *4 (N.D.N.Y. 1992). As it did when the court first "so ordered" the Protective Order on December 6, 2008, the court again finds that "good cause" exists to uphold Cogent's

---

[2] Although the parties cite to 45 C.F.R. § 165.501 as defining PHI, the definition for PHI is found at 45 C.F.R. § 160.103.

[3] Since the Protective Order was executed, Federal Rule of Civil Procedure 26(c)(7) has been amended as Federal Rule of Civil Procedure 26(c)(1)(G), which permits a court to order a protective order requiring "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ."

2

"Confidential" designations based on the court's document-by-document review of the Contested Documents.

First, good cause exists for the Protective Order and specifically, for Paragraph 2 of the Protective Order governing the confidentiality of PHI, because protection is mandated by federal regulations governing the "Privacy of Individually Identifiable Health Information," 45 C.F.R. § 164.500 *et seq*. Namely, under 45 C.F.R. 164.512(e)(1)(ii)(B), (e)(1)(iv) and (e)(1)(v), a covered entity may disclose PHI in the course of a judicial proceeding in response to a subpoena or discovery request, if the parties agree to a <u>qualified protective order</u> and present same to the court. The qualified protective order must include a provision "prohibit[ing] the parties from using or disclosing the protected health information for <u>any purpose other than the litigation or proceeding</u> for which such information was requested . . . ." (emphasis added.) Moreover, despite plaintiffs' proffer to redact personal information from the Contested Documents, 45 C.F.R. § 165.500 *et seq*. does not include a provision whereby parties may redact personal information from documents containing PHI that are already subject to the qualified protective order in order to change the confidential nature of such documents and place them outside the scope of the qualified protective order.

After reviewing the Contested Documents characterized by Cogent as containing or constituting PHI (the "PHI Documents"), the court finds that the PHI Documents clearly fall within the definition of PHI as set forth in 45 C.F.R. § 160.103. The C.F.R. defines PHI at § 160.103 as "individually identifiable health information," which in turn is defined as health information, collected from an individual, created or received by a health care provider, health plan, employer, or health care clearinghouse that relates to the physical or mental health of an individual, provision of health care to an individual, or payment for the provision of health care,

3

that identifies or may identify the individual. 45 C.F.R. § 160.103.[4] Each of the PHI Documents contain at least some health information, that was collected from a Brookdale patient, created or received by a Cogent medical professional, that relates to the physical or mental health, provision of health care or payment for the provision of health care for a Brookdale patient that includes identifying information about the patient. (*See* doc. no. 91, Declaration of Jeanne Cho ("Cho Decl."), Exs. 1-19.) Accordingly, the court finds that, during the discovery stage, there is good cause to confirm the confidentiality designations on the PHI Documents as mandated by federal regulations and the Protective Order.

Good cause also exists while discovery is ongoing to confirm the confidentiality designations on the documents designated as Cogent's Confidential Business Information ("Business Documents") as defined in Paragraph 3 of the Protective Order. Indeed, Federal Rule of Civil Procedure 26(c)(1)(G) explicitly permits a court to "so order" a protective order to, *inter alia*, protect trade secrets, confidential research, development, or other commercial information,

---

[4] The complete definition of "Individually identifiable health information" under 45 C.F.R. § 160.103 is as follows:

> Individually identifiable health information is information that is a subset of health information, including demographic information collected from an individual, and:
>
> (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
>
> (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
>
>     (i) That identifies the individual; or
>
>     (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

and Paragraph 3 of the Protective Order pertaining to Cogent's Confidential Business Information falls within the scope of Rule 26(c)(1)(G). Moreover, in an action where the plaintiffs' allegations necessarily involve an in-depth investigation of the defendants' business structure, operations and policies, as is the case here, good cause clearly exists during the discovery stage to protect such business information if the public dissemination of such information would prove harmful to defendants' business. *See Kamyr AB*, 1992 WL 317529 at *5.

The court has reviewed the Business Documents and finds that they are properly designated as "Confidential" as defined in Paragraph 3, and thus, upholds their confidentiality designations.[5] (*See* doc. no. 91, Cho Decl., Exs. 20-61.)

As the court has found good cause for the Protective Order, plaintiffs must demonstrate "extraordinary circumstances or compelling need" to lift the confidentiality designations on the Contested Documents, *i.e.* to modify the Protective Order. *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07-cv-2352, 2007 WL 1498114, at *6 (S.D.N.Y. May 23, 2007) (citing *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001).) Brookdale has neither demonstrated "extraordinary circumstances" nor "compelling need." Brookdale asserts that the confidentiality designations should be removed from the Contested Documents due to "the relevance of these documents to Brookdale's case and to those who regulate the health care industry and enforce its

---

[5] Although, in deciding the instant motion, the court conducted a document-by-document review of the Contested Documents, the court recognizes that in general, as well as in this instance, the "producing party is in the best position to determine the sensitivity of the material produced. Questions of improvidence if not impropriety would surely arise if the court were forced to review each and every document in an *ex parte* session prior to production to determine whether its revelation would injure the producer's business." *Kamyr AB,* 1992 WL 317529, at *5-6. Moreover, requiring the court to conduct a document-by-document review in every instance would defeat the purpose of Federal Rule of Civil Procedure 26(c), *i.e.* "to 'secure the just, speedy, and inexpensive determination' of civil disputes . . . by discouraging full disclosure of all evidence that might conceivably be relevant." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979).

laws." (Opposition, at pp. 2, 4.)  First, the Protective Order was executed to facilitate the exchange of discovery necessary to litigate this action.  As Cogent notes, it relied on the terms of the Protective Order in providing broad discovery to plaintiffs, who should not now be heard to argue that mere relevance alone should vitiate the terms agreed to by the parties and "so ordered" by the court.  Moreover, the Protective Order does not prohibit Brookdale from using the documents designated "Confidential" to litigate the instant action, and indeed, such use is explicitly permitted by the Protective Order.  (*See, e.g.,* Prot. Order at ¶¶ 2, 8, 10, 11 & 17.)

Second, Brookdale's argument that disclosure of the Contested Documents is needed to protect the public health by informing health regulatory and law enforcement bodies is unavailing.  The Attorney General of the State of New York issued a subpoena to Brookdale on April 1, 2008 seeking "all documents and items concerning or relating to Cogent Healthcare, Inc. or Cogent Healthcare IPA of New York, Inc., including any documents received in discovery in any pending litigation involving either of those entities."  (Doc. no. 93, HIP's June 13, 2008 Letter Response ("HIP Response"), at Ex. B.)  Indeed, Brookdale has already produced certain of Cogent's "Confidential" documents to the Attorney General.  (Reply, at p. 5, n. 3.)  The Attorney General has also "served subpoenas, collected documents and interviewed numerous employees of the Defendants."  (Reply, at p. 2, n. 1).  Obviously, the Protective Order is no barrier to the Attorney General's investigation into Cogent's conduct.  *See Martindell*, 594 F.2d at 296 ("the Government as investigator has awesome powers which render unnecessary its exploitation of the fruits of private litigation") (internal quotations omitted.)

The Court also recognizes that the parties in the instant action have engaged in (and continue to engage) in extensive discovery efforts, and this exchange of information would not have occurred (and would in all likelihood come to a standstill) but for the "existence and

sanctity" of the Protective Order. *Kamyr AB,* 1992 WL 317529, at *2. Indeed, after all of the parties have justly relied on the Protective Order in making their vast productions, the court finds it would be inequitable and unjust to now permit plaintiffs to remove the confidentiality designations from the Contested Documents in order to disclose them on public health grounds. Such a result would render the Protective Order effectively meaningless and seriously hamper any remaining discovery. (*See, e.g.,* HIP Response, at p. 1.)

Moreover, based on their Complaint, plaintiffs alleged from the beginning that defendants engaged in conduct that violated New York public health laws, and thus, plaintiffs knew that documents produced in this litigation could be of interest to public and private regulators in the health care industry. Yet, plaintiffs still agreed to the stipulated Protective Order to facilitate discovery -- and plaintiffs cannot now renege on their agreement based on what was a foreseeable and, indeed, an expected result. *See Kamyr AB,* 1992 WL 317529, at *2. Finally, it is particularly difficult to demonstrate an "extraordinary circumstance" or "compelling need" when, as here, the parties are still engaged in discovery and the court has not relied on the substance of any of the documents produced thus far in issuing any decision. In such a circumstance, there is no presumption for public access. *See U.S. v. Amodeo*, 71 F.3d 1044, 1049-1050 (2d Cir. 1995)("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low... [d]ocuments ... such as those passed between the parties in discovery, lie entirely beyond the presumption's reach".) Accordingly, if any of the Contested Documents become necessary for the court to exercise its decision-making authority, thereby triggering the presumption for public access, or Brookdale successfully demonstrates "extraordinary circumstances or a compelling need" for the

disclosure of certain Contested Documents at a later date, then Brookdale may renew its objections at that time.

## **CONCLUSION**

Accordingly, the court confirms Cogent's confidentiality designations without prejudice to the reconsideration of the confidentiality designations of the Contested Documents at the summary judgment stage or for purposes of trial.

**SO ORDERED**.

                                                                     _____
                                                                     Lois Bloom
                                                                     United States Magistrate Judge

Dated: October 7, 2008
           Brooklyn, New York