UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BROOKDALE UNIVERSITY HOSPITAL
& MEDICAL CENTER, INC.,

               Plaintiff,                         **ORDER**
                                                        **07 CV 1471 (RRM)(LB)**

       -against-

HEALTH INSURANCE PLAN OF GREATER
NEW YORK, et al.,

               Defendants.

-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Defendant Health Insurance Plan of Greater New York, d/b/a/ HIP Health Plan of New York, and HIP Insurance Company of New York, ("HIP"), requests that the Court reconsider its February 3, 2009 Order directing defendants to return or destroy the copies of the inadvertently produced privileged documents, and prohibiting defendants from using the information contained therein.[1] Document 128. In the alternative, HIP requests that the Court order plaintiff to pay HIP's reasonable attorney fees and vendor costs associated with locating and retrieving

---

[1] On February 3, 2008, the Court issued the following order: "The Court has considered plaintiff's letter regarding the inadvertent production of privileged documents which was brought to the Court's attention by defendant HIP's January 26, 2009 letter . . . and was discussed at the conference held on January 29, 2009. HIP had notified plaintiff by letter dated January 15, 2009 that privileged materials may have been inadvertently produced. The documents at issue have been produced to the Court for in camera review and shall be filed under seal. Plaintiff requests that the Court order defendants to either return to plaintiff or destroy the copies of the privileged documents, and that defendants be prohibited from making use of any information contained in these documents. Although plaintiff should have responded immediately when notified by HIP, the Court grants plaintiff's request. Under the circumstances presented, the privilege has not been waived. Defendants shall return to plaintiff or destroy the copies of the privileged documents, and defendants are prohibited from using the information contained in these documents." Document 126.

1

any inadvertently produced privileged materials. Id.

Plaintiff Brookdale University Hospital and Medical Center ("Brookdale") opposes HIP's motion, Document 129, and requests clarification of my January 30, 2009 Order. Document 127. The minute entry after the January 29, 2009 discovery conference reflects that "[p]aper discovery is closed." Brookdale seeks certain documents from HIP that were discussed at the conference, but not set forth in the minute entry. Id. Brookdale also seeks to extend the deadline to raise any issues concerning HIP's document production until March 4, 2009, and "the opportunity, if necessary, to conduct relevant 30(b)(6) depositions for any unresolved matters." Id.

As discussed at the January 29, 2009 conference and as reflected in the January 30, 2009 minute entry, plaintiff was ordered to provide "the missing information from the produced emails by [February 6, 2009] ("to","cc", "re")." Instead of providing the missing "headers" as ordered, Brookdale sent two letters stating why they cannot comply. Documents 130, 132. HIP requests that the Court direct plaintiff to (1) provide a written certification attesting to the circumstances surrounding the missing email string headers; (2) re-produce all emails in electronic form; (3) search its computer systems to locate and produce each of the included emails; and (4) to the extent that any of the included emails cannot be located, fully explain the surrounding facts and circumstances. Document 131.

For the following reasons, HIP's motion for reconsideration of the Court's February 3, 2009 Order is granted in part and denied in part; plaintiff's request for an extension of time to raise any issues concerning HIP's document production is denied; and HIP's requests concerning production of the missing email string headers is stayed as set forth below.

## I. Motion for Reconsideration

Plaintiff's January 30, 2009 letter to the Court identifies thirty inadvertently privileged documents, including the eight documents provided to the Court for *in camera* review.[2] Thirty inadvertently disclosed documents is relatively small compared to the number of documents produced in this disclosure. "[T]he inadvertent production of one or a few privileged documents in a massive disclosure is not necessarily inconsistent with the exercise of due care to avoid such occurrences, as it is virtually impossible to avoid any error whatsoever in dealing with large volumes." S.E.C. v. Cassano, et al., 189 F.R.D. 83, 86 (S.D.N.Y. 1999). While only thirty documents have been brought to the Court's attention, HIP states that

> [w]hat is at issue here are <u>hundreds</u> of email communications between Brookdale and its outside litigation counsel, Ohrenstein & Brown ("O&B"), that have been produced in this litigation . . . While Brookdale, for purposes of its January 30 letter request, identified only thirty inadvertently produced documents, we believe that these thirty documents may be just the tip of the iceberg. Brookdale itself has indicated that review of its production is continuing and that it "anticipates that it will report its findings to defendants by Monday February 9, 2009." (Brookdale Jan. 30 ltr. at 3)

Document 128 at 1-2 (emphasis in original). Brookdale responds that "[w]hile understandable, HIP's concern that there could be more than 500 documents withdrawn from production . . . is nevertheless in error." Document 129 at 2. Additionally, plaintiff's counsel's declaration states "[t]he number of inadvertently produced documents will not be 500, but significantly less (though the number will not finally be quantified until over the weekend [February 9, 2009], it is

---

[2] The following thirty documents were identified: BH-JH0005830; BH-JH0005831; BH-JH0005832-33; BH-JH0005834-35; BH-JH0005935; BH-JH0005942; BH-JH0005945; BH-JH0005974; BH-JH0005272-73; BH-JH0005288; BH-JH0005289-90; BH-JH0005293; BH-JH0005301; BH-JH0005307; BH-JH0005358; BH-JH0005391; BH-JH0005461; BH-JH0005462; BH-JH0005464; BH-JH0005744-45; BH-JH0005826; BH-JH0005803; BH-JH000253-54; BH-JH0004629; BH-JH0005373; BH-JH0005461; BH-JH0029656-57; BH-JH0100377; BH-JH0100435; and BH-JH0000006-17.

likely to be less than 200 documents, less than 2% of that production)." Document 129-3 at 4.

The Court has received no further report regarding the number of privileged documents produced. The Court is closing and locking the door on this issue. The time has passed for raising the inadvertent disclosure of any other document. The Court's February 3, 2009 Order *only* addressed the inadvertent production of the specific documents already raised by the parties. The Court ruled that the privilege had not been waived as to those specific documents and that those thirty inadvertently produced documents should be returned to plaintiff or destroyed. If there were more documents produced, plaintiff's time to raise the privilege issue has passed. Defendant is not obliged to locate or identify the documents for plaintiff. Moreover, the confidentiality order entered by the parties does not safeguard the privilege for other documents that have been produced.

HIP notified Brookdale of its inadvertent disclosures on January 15, 2009, and attached a few "representative documents" for Brookdale's review. Brookdale responded six days later on January 21, 2009, stating, "while we do not believe that we have produced anything inadvertently, we will take a fresh look at our production." Document 122 Exhibit J. On January 22, 2009, HIP sent a follow-up email to plaintiff's counsel reiterating its concerns regarding the privileged documents, and on January 26, 2009, HIP, who had not heard back from plaintiff regarding the privilege issue, requested that the Court declare that the privilege was waived. At the January 29, 2009 conference, the Court directed plaintiff to "address the alleged inadvertent production of privileged material by [January 30, 2009]," and the next day, Brookdale wrote to the Court indicating that it had inadvertently produced thirty privileged documents, and that it "is continuing [its review] and anticipates that it will report its findings to the defendants by

Monday February 9, 2009." Document 126 at 3.

HIP argues that plaintiff's delay in acknowledging an inadvertent production of privileged materials was excessive, and the Court agrees. Plaintiff acknowledges that "mistakes were made during Brookdale's document production and with respect to the initial actions taken by Brookdale in response to this issue." Document 129 at 4. However, plaintiff's counsel states that "in consideration of the confidentiality agreement in effect, the impending deadlines, and the volume of documents that required assessment for a complete review for potential inadvertent production, I had considered my [January 21, 2009] response satisfactory." Document 129-3 at 5.

First, the parties' confidentiality agreement explicitly states that "the producing party . . . shall promptly notify all other parties of such production." Document 61. Thus, the obligation was on plaintiff to promptly notify HIP of its inadvertent production. Waiting six days before responding to HIP's letter and another nine days before notifying HIP of specific documents inadvertently produced was not "prompt." Second, while the Court acknowledges that plaintiff was facing impending discovery deadlines, a party waives its privilege if it does not act quickly to safeguard it. Thus, plaintiff's counsel should have taken immediate steps to respond to HIP and to assert the privilege. Nevertheless, the Court was satisfied that under the circumstances and weighing the appropriate factors, see United States v. Rigas, 281 F.Supp. 2d 733, 738 (S.D.N.Y. 2003) (citing Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103, 105 (S.D.N.Y.1985)) (factors include reasonableness of precautions taken, volume of discovery, time taken to rectify the error and fairness), the thirty identified documents should be returned to plaintiff or destroyed. Therefore, HIP's motion for reconsideration as to these documents is

5

denied. See supra n. 2.

However, HIP's motion for reconsideration is granted with respect to any documents that Brookdale produced that were not specified in its January 30, 2009 letter. Brookdale has waived its privilege concerning any documents produced that were not identified, and HIP has no obligation to search the entire production to identify any potentially privileged documents. As HIP has no obligation to undertake further action, HIP's request for attorney's fees and costs is denied.

## II. Plaintiff's Request for an Extension of Time to Raise Discovery Disputes

By letter dated February 4, 2009, plaintiff requests "a two week period . . . to address all outstanding issues related to HIP's production and then bring any remaining issues to Your Honor's attention . . . no later than March 4, 2009." Document 127. Plaintiff states that "during the conference it was our understanding that Brookdale would be permitted to address its concerns related to the HIP defendant's production, including outstanding documentation and those issues raised previously by Brookdale with HIP." Id.

Plaintiff is correct that at the conference, the Court stated that Brookdale could obtain the contract between HIP and Cogent from HIP provided it had already been requested. The Court never authorized any new requests. Additionally, counsel for HIP and Brookdale stated that they would work together to produce an "abbreviation" or data dictionary for the QCare database and the WinUCS system data. Aside from these discrete issues, as well as those specified in the Court's January 29, 2009 minute order, all paper discovery is closed. The deadline for raising new discovery issues has passed. Therefore, plaintiff's request for an extension of time to "bring

remaining issues" to the Court's attention is denied.[3]

**III.    Email String Headers**

On January 30, 2009, the Court directed plaintiff to "provide defendants with . . . the missing information from the produced emails by [February 6, 2009] ("to","cc", "re")." By letter dated February 6, 2009, plaintiff informs the Court that

> [Jamaica Hospital's Novell] GroupWise e-mail system is set to a "classic" default setting which does not include "header" information (including addresses, "cc's" or subject lines) when an e-mail is replied to and that e-mail is no longer available for retrieval. This information is supported by the statement of Ms. Larios, GroupWise Service Administrator, at Jamaica Hospital who spoke with Novell.

Document 130. In response, HIP states that if the emails at issue are "separately produced . . . the missing header problem would largely be alleviated, since the final email of an email string always includes standard header information." Document 131. HIP requests that the Court direct plaintiff to (1) provide a written certification attesting to the circumstances surrounding the missing email string headers; (2) re-produce all emails in electronic form; (3) search its computer systems to locate and produce each of the included emails; and (4) to the extent that any of the

---

[3] By letter dated January 14, 2009, plaintiff requested an extension until April to raise any disputes regarding the document production. That request was denied. See Order entered January 16, 2009. By letter dated January 22, 2009, plaintiff in essence asked for reconsideration, see Document 121 at 1, but nonetheless filed its report "[p]ursuant to the Court's directive" of outstanding issues regarding the various defendants' document production. Unfortunately, plaintiff's report focused primarily on Cogent, CBMG and HCP. As to HIP, plaintiff states,

> We have identified a lack of information in HIP's production with respect to the specific topics (i.e. financial information, agreements, and documentation related to the relationships between the defendants) and suspect there exist more deficiencies, but are reluctant to make conclusions due to our inability to complete a final review of all of HIP's documents. We have inquired of HIP regarding these topics today and are awaiting a response over the next couple of days. If HIP informs us that this documentation is included in their production, we can then put these issues to rest.

Document 123 at 3. No specific objection to HIP's document production was timely raised by Brookdale.

included emails cannot be located, fully explain the surrounding facts and circumstances. Id. Plaintiff opposes HIP's requests, stating that "the information that is not on the 'header' is not maintained, as it was never created," and that the "missing information would not be revealed if the e-mail is viewed in native form." Document 132.

The Court is not remotely satisfied with plaintiff's explanation. The default setting on plaintiff's system does not excuse plaintiff from producing the requested materials. Just imagine if the shoe was on the other foot, and it was defendant claiming it could not produce a large number of emails showing who the emails were sent to. Plaintiff would not be satisfied with the proffered third-hand explanation of an administrator as plaintiff has provided here, and rightly so.

The Court will stay HIP's request. Brookdale and HIP's counsel shall attempt to resolve this issue by February 20, 2009. The parties shall provide a status report to the Court by February 27, 2009, and if the parties cannot resolve the issue, the Court shall hold a telephone conference on March 4, 2009 at 10:00 a.m. Plaintiff's counsel is requested to arrange and initiate the conference call to all the parties. After establishing contact with defendants' counsel, plaintiff's counsel shall telephone the Court at (718) 613-2170.

SO ORDERED.

_/s/_____
LOIS BLOOM
United States Magistrate Judge

Dated: February 13, 2009
      Brooklyn, New York

8