FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ FEB 0 5 2010

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

BROOKDALE UNIVERSITY HOSPITAL
& MEDICAL CENTER, INC.,

                Plaintiff,

-against-

HEALTH INSURANCE PLAN OF GREATER
NEW YORK, et al.,

                Defendants.
----------------------------------------------------X

**REPORT AND RECOMMENDATION**
**07 CV 1471 (RRM)(LB)**

**Bloom, United States Magistrate Judge:**

This matter was referred to me for all pre-trial purposes pursuant to 28 U.S.C. § 636(b). By letter dated January 5, 2010, Curtis Jackson, a non-party *pro se* inmate, moves to join this action as a defendant pursuant to Fed. R. Civ. P. 19(a). Document 192. The Court construes Jackson's instant request as a motion to intervene pursuant to Fed. R. Civ. P. 24. See Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 382 (2d Cir. 2006) (district court erroneously permitted non-party Visa to move under Rule 19); see also Arrow v. Gamber's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) (only a party may move under Rule 19). For the following reasons, it is respectfully recommended that Jackson's motion to intervene should be denied.

## DISCUSSION

Intervention under Fed. R. Civ. P. 24 is the process by which an absentee brings himself into a pending case. 4-19 Moore's Federal Practice 3d § 19.02[5][c] (3d ed. 2010); see also Mastercard Int'l Inc., 471 F.3d at 382 (Rule 24 explicitly contemplates motions by non-parties).

In order to intervene as a matter "of right" under Fed. R. Civ. P. 24(a)(2), the movant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Id. Courts consider substantially the same factors whether the claim for intervention is "of right" under Rule 24(a) or permissive under Rule 24(b)). Id. at 300 n. 5.

Here, Jackson argues that he "was employed with [defendant] Central Brooklyn Medical Group directly under President and CEO defendant, Martin Valdes, M.D., and if there is a debt, it is owed jointly by the defendant and Curtis Jackson." Document 192. He states that he "handled finances and insurance plans relating to the Cogent Hospitalist Program at Brookdale University Hospital" and that "his absence may leave the defendant(s) subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Id. Plaintiff's counsel responds that "CBMG has no employment records related to Jackson" and that a search of defendants' initial disclosures "failed to reveal even one reference to Jackson's name."[1] Document 193-1, Declaration of Paul Kemnitzer ¶¶ 4-5. Plaintiff's counsel further argues that "even assuming Jackson had been a CBMG employee during a time relevant to this case, he has failed to identify an interest related to the litigation." Document 193 at 5.

In considering a motion to intervene, the Court must accept as true non-conclusory allegations of the motion. United Parcel Service of America, Inc. v. The Net, Inc., 225 F.R.D. 416, 421 (E.D.N.Y. 2005). Therefore, the Court will assume that Jackson worked for CBMG.

---

[1] The Court notes that CBMG's counsel's January 22, 2010 email states, "[w]e made a quick inquiry at CBMG, and they have no record of employment of a Curtis *Johnson*." Document 193-1 at 10 (emphasis added).

Nonetheless, Jackson fails to demonstrate that his motion was timely filed or that he has an interest in this action.

"Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances" and requires balancing (1) the length of time the applicant had notice of the interest before making the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) unusual circumstances militating for or against a finding of timeliness. U.S. v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir.1994). Here, Jackson's motion to intervene was filed over two years and nine months after this action began. The parties have engaged in protracted discovery and motion practice, and defendants' motion to dismiss plaintiff's second amended complaint is *sub judice*. Therefore, allowing Jackson to intervene at this juncture would further delay this action and prejudice the current parties.

Moreover, Jackson fails to demonstrate that he has an interest in the outcome of this action. His statement that "if there is a debt, it is owed jointly by the defendant and Curtis Jackson" is vague and remote; Jackson's statement fails to establish a "direct, substantial, and legally protectable" interest. Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990) ("[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule.").

## CONCLUSION

Accordingly, Jackson fails to meet the elements required to intervene under Fed. R. Civ. P. 24. Therefore, it is respectfully recommended that Jackson's motion to intervene should be denied.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).[2]

SO ORDERED.

/s/ Lois Bloom
Lois Bloom
United States Magistrate Judge

Dated: February 4, 2010
       Brooklyn, New York

---

[2] The Clerk of Court shall send a copy of this Order to Curtis Jackson, # 282320, 1960 U.S. Highway 41 South, Marquette, Michigan 49855.